UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

TODD & SARGENT INC ET AL                CASE NO.  2:24-CV-01397

VERSUS                                  JUDGE JAMES D. CAIN, JR.

I F G PORT HOLDINGS LLC                 MAGISTRATE JUDGE LEBLANC


MEMORANDUM RULING

Before the court is a Motion to Dismiss or, in the alternative, Motion to Consolidate Case [doc. 11] filed by defendant IFG Port Holdings LLC ("IFG"). Plaintiffs Todd & Sargent Inc. ("T&S") and The Sargent Group ("TSG") (collectively, "Todd & Sargent") oppose the motions. Doc. 17. The parties have also filed supplemental briefs following the court's adoption of a report and recommendation remanding related case *IFG Port Holdings LLC v. Todd & Sargent Inc.*, No. 2:24-cv-1288 (W.D. La. Apr. 30, 2026). Docs. 26, 27.

I.
BACKGROUND

This suit arises from construction work performed by Todd & Sargent for IFG at the latter's grain export terminal in Lake Charles, Louisiana. The work was performed pursuant to a design build contract between IFG and T&S. T&S originally filed suit against IFG in this court on May 29, 2013, raising a claim of breach of contract over IFG's alleged failure to respond to a change order or pay past due invoices. *Todd & Sargent, Inc. v. IFG Port Holdings LLC*, No. 2:13-cv-1269 (W.D. La. Mar. 11, 2015). IFG countersued,

bringing in TSG on allegations that it formed a single business enterprise with T&S, as well as Todd & Sargent's insurers. *Id.* at docs. 4, 13. The matter was resolved via settlement and dismissed at the parties' joint motion on June 8, 2015. *Id.* at doc. 85.

Over nine years later, IFG filed suit against T&S and its insurers in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana. *IFG Port Holdings, LLC v. Todd & Sargent, Inc.*, No. 2:24-cv-1288 (W.D. La.), doc. 1, att. 2. There it raised claims of misrepresentation and fraud "regarding [Todd & Sargent's] defective construction of certain of IFG's grain silos and all Defendants' subsequent purposeful fraudulent failure to alert IFG to those defects when they learned of same following a catastrophic collapse at a different [Todd & Sargent]-constructed silo caused by the same defects now affecting IFG's silos." *Id.* at doc. 1, att. 2, p. 2. T&S removed the matter to this court, where each defendant filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id.* at docs. 8, 20, 21. IFG also filed a motion to remand. *Id.* at doc. 26.

Meanwhile, in an attempt to preserve its federal forum, Todd & Sargent filed this declaratory judgment action shortly after the removal of the related case. Doc. 1. It seeks judgment "confirming that all claims, past and future, known and unknown, have been released under the terms of the Settlement Agreement, including without limitation IFG's claims against T&S in the Second Lawsuit." *Id.* at 4–5. IFG moves to dismiss the suit, arguing that (1) Todd & Sargent's complaint represents a compulsory counterclaim or reconventional demand that should have been raised in the first action; (2) the declaratory judgment suit "is an impermissible effort at forum shopping to avoid litigation in the 14th Judicial District Court;" and, alternatively, (3) the matter should be consolidated with the

first action or stayed. Doc. 11, att. 1. Todd & Sargent opposes the motion, asserting that the court should exercise jurisdiction over its declaratory judgment action under the *Trejo* factors and that the Settlement Agreement's forum selection clause mandates that a suit proceed in this court. Doc. 17.

After briefing on the motion to dismiss in this case was complete, the court adopted the magistrate judge's report and recommendation for the remand of *IFG Port Holdings LLC v. Todd & Sargent Inc.*, No. 2:24-cv-1288 (W.D. La. Apr. 30, 2026), over the objections of all defendants. The magistrate judge found that the underlying Settlement Agreement waived T&S's right to removal by conferring the choice of venue on IFG, and did not reach T&S's arguments on improper joinder. *Id.* at doc. 47. The remand renders IFG's request for consolidation moot. This court has ordered supplemental briefing as to the impact of the remand decision on the disputes presented in this matter. Doc. 25. The parties have complied and maintain their positions with respect to IFG's Motion to Dismiss. Docs. 26, 27.

## II.
### LAW & APPLICATION

#### A. Legal Standard

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224

F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

**B. Application**

After remand of the related case, IFG maintains that this court should decline to proceed with the declaratory action. Todd & Sargent, on the other hand, argues that the factors guiding the court's discretion on abstention favor hearing the declaratory action. It also asserts that the Settlement Agreement's forum selection clause makes this court the only proper forum to adjudicate the scope of that agreement. The court considers the latter argument first.

**1. Forum Selection Clause**

The magistrate judge remanded the related case based on Paragraph VII of the Settlement Agreement, which states in relevant part:

> If there should be any future claims resulting form any work or professional services performed by T&S in connection with the Project and/or Design-Build Agreement, and if any insurance coverage could exist for said claims,

> T&S acknowledges that IFG may avail itself of the Louisiana Direct Action Statute (La. R.S. 22:1269) and that it will not object to the application of Louisiana law, as designated under Section 13.2 of the Design Build Agreement, to any such claim. **IFG reserves the right to file any such future claim in the venue designated under Section 12.5 of the Design Build Agreement.** In accordance with the terms of this Agreement, if said claims do arise, IFG would be pursuing recovery only against T&S's insurers, however, **IFG specifically reserves the right to name T&S as a party to any claim in order to maintain venue, without objection by T&S.**

*IFG Port Holdings LLC v. Todd & Sargent Inc.*, No. 2:24-cv-1288 (W.D. La. Apr. 30, 2026), at doc. 47, pp. 11–12 (emphases added in memorandum). Section 12.5 of the Design-Build Agreement provided that, "[i]f the matters remain unresolved the Parties shall submit . . . ." to "[l]itigation in either the state or federal court having jurisdiction of this matter in the State of Louisiana." *Id.* at doc. 47, p. 12 (alterations in memorandum). Based on this language, the magistrate judge found that T&S had waived its right to remove the action by conferring choice of venue on IFG. *Id.* at doc. 47, pp. 12–13.

Todd & Sargent relies on Paragraph XVII of the Settlement Agreement, which states that "[a]ny lawsuit brought to enforce the provisions of this Agreement must be brought in the United States District Court for the Western District of Louisiana (Lake Charles Division)." *Id.* at doc. 13, att. 1, p. 7. Contrary to Todd & Sargent's assertions, a forum selection clause does not abrogate the "broad grant of discretion" to district courts under the Declaratory Judgment Act to abstain from exercising jurisdiction in favor of a pending state court suit.[1] *XL Ins. Am., Inc. v. DiamondRock Hosp. Co.*, 414 F.Supp.3d 605, 609

---

[1] Todd & Sargent relies on *Boyd v. Martinez*, 2023 WL 4903173 (6th Cir. Aug. 1, 2023). There the Sixth Circuit found no "procedural fencing" when a declaratory action on the enforceability of a settlement agreement was filed after the related state court suit and pursuant to a forum selection clause in the Settlement Agreement. *Id.* at *6. The court thus determined that this factor was neutral in its *Brillhart* analysis, infra. The undersigned has also found no procedural

(S.D.N.Y. 2019). And the plain terms of the forum selection clause only limit the forum in which either party might bring a separate suit to enforce the Settlement Agreement. These terms do not prevent T&S from raising the Settlement Agreement as a reconventional demand in the state court suit. The fact that the parties singled out this court as the exclusive venue for future lawsuits to enforce the Settlement Agreement does not mean that they intended to reserve all future litigation to the limited jurisdiction of the federal courts, as evidenced by Paragraph VII. Accordingly, the presence of a forum selection clause does not compel Todd & Sargent's desired result.

### 2. Abstention

"A district court considering a declaratory judgment action 'must engage in a three-step inquiry.'" *Ironshore Specialty Ins. Co. v. Tractor Supply Co.*, 624 F. App'x 159, 162 (5th Cir. 2015) (quoting *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)). To this end, the court considers "(1) whether the declaratory judgment action is justiciable; (2) whether the court has the authority to grant the declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Id.* (quoting *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 387 (5th Cir. 2003)). Only the third element is contested under this motion to dismiss.

When a district court considers abstaining from exercising jurisdiction over a declaratory judgment action, it applies the standard derived from *Brillhart v. Excess*

---

fencing and thus regards *Boyd*, which is unpublished and uses a different test from the *Trejo* factors considered in the Fifth Circuit, as having little persuasive value.

Page 6 of 10

*Insurance Co. of America*, 316 U.S. 491 (1942). *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 950 (5th Cir. 1994). There the Court stated:

> Ordinarily, it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

*Id.* (quoting *Brillhart*, 316 U.S. at 495). Thus, "[c]onsistent with *Brillhart*, abstention from a declaratory judgment action is ordinarily appropriate when the state offers an adequate alternative forum in which to resolve the particular dispute." *Id.* The Fifth Circuit uses the nonexclusive factors listed in *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994), to guide a district court's exercise of its discretion under *Brillhart*. *Sherwin-Williams Co.*, 343 F.3d at 390. These factors are: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping by bringing the suit; (4) whether possible inequities exist in allowing the declaratory plaintiff to gain precedence in time or change forums; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court where the parallel state suit is pending. *Trejo*, 39 F.3d at 590–91 (citing *Travelers Ins. Co. v. La. Farm Bureau Fed'n*, 996 F.2d 774, 778 (5th Cir. 1993)).

Todd & Sargent maintains that the first factor is not met because (1) the declaratory action "seeks global relief and resolution in a way different from the removed action" and (2) the parties are not identical because TSG is not named in the remanded suit.[2] Doc. 17, p. 19. "If there is a pending related state proceeding but it is not 'parallel' because it does not involve all the same parties or issues, the federal district court properly considers the extent of similarity between the pending state court and federal court cases in deciding which court should decide the dispute, rather than relying on a *per se* rule." *Sherwin-Williams*, 343 F.3d at 394 n. 5. The related suit, which is now pending in state court, involves the same construction project, Design Build Agreement, and Settlement Agreement. The state court will necessarily decide the enforceability of the Settlement Agreement, unless T&S chooses to waive this defense.

Todd & Sargent asserts that the declaratory action seeks broader relief concerning the general enforceability of the Settlement Agreement as to both TSG and T&S. But a declaratory judgment action is only justiciable when there is a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). The only live dispute concerns the claims asserted by IFG against T&S and its insurers. Todd & Sargent fails to demonstrate any immediate threat justifying its attempt to obtain "global" relief through this action. The pending state court action may

---

[2] Todd & Sargent also argued, before the remand, that there was no pending state court action because the other suit had been removed to federal court. Doc. 17, p. 19.

Page 8 of 10

thus resolve all justiciable disputes between the parties, which involve only state law issues, and the first factor weighs in favor of abstention.

"The next three *Trejo* factors—whether the declaratory judgment plaintiff filed suit 'in anticipation' of a lawsuit to be filed by the declaratory judgment defendant; whether the declaratory judgment plaintiff engaged in 'forum shopping' in bringing the declaratory judgment action; and whether possible inequities exist in allowing the declaratory judgment plaintiff to gain precedence in time or to change forums—analyze whether the plaintiff is using the declaratory judgment process to gain access to a federal forum on improper or unfair grounds." *Sherwin–Williams*, 343 F.3d at 391. Todd & Sargent filed this suit shortly after removing the state court suit, in evident anticipation of a possible remand. That remand has now occurred. "To decide this declaratory judgment would be to give [plaintiffs] a second chance at having these claims heard in federal court, claims that can be fully litigated in state court." *Memorial Women's Care, PLLC v. Sinacori*, 2023 WL 5658981, at *2 (S.D. Tex. Aug. 31, 2023). This would also give the declaratory plaintiffs precedence in time and forum for their later-filed suit. The court cannot find impermissible "forum shopping" under the third factor, due to the forum selection clause and the fact that the forum choice has no bearing on the law applied to the case. This factor therefore weighs against abstention. But in light of the fact that this suit was filed in anticipation of the related case's remand and the possible inequities of proceeding, the second and fourth factors weigh decidedly in favor of abstention.

The fifth factor evaluates whether this court is a convenient forum for the parties and witnesses. Because the federal courthouse is located just a few blocks from the state

courthouse to which the related suit was remanded, the two forums are equally convenient and this factor is neutral. The seventh factor weighs against abstention, because no state judicial decree is implicated. Under the sixth factor, on the other hand, "[i]t is self-evident that having parallel actions in state and federal court is inefficient." *Landry Distilling, Inc. v. Landry's LLC*, 2024 WL 5185703, at *4 (W.D. Tex. Feb. 2, 2024). Because the related suit was filed first, and the state court provides a wholly adequate forum in which to resolve all the parties' justiciable disputes, the court sees no reason to proceed with this declaratory action.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Consolidate [doc. 11] will be **DENIED AS MOOT,** the Motion to Dismiss [doc. 11] will be **GRANTED,** and all claims brought in this matter will be **DISMISSED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 27th day of May, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**